# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re:**

**Do You Love Me? Inc.,**

**Debtor.**

**Bankruptcy Case No. 15-00048-JDP**

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

    Alex Caval Idaho, Attorney for Debtor.

    Mary Kimmel, Attorney for Office of the U.S. Trustee.

### *Introduction*

Chapter 11[1] debtor, Do You Love Me? Inc. ("Debtor"), objected to the amount of the proof of claim filed by Oriole Textile Co., Inc. ("Creditor")

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101 – 1532, all rule references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

MEMORANDUM OF DECISION – 1

arguing that Creditor is not entitled to recover any prebankruptcy interest on its claim. Dkt. Nos. 42 & 57. Creditor responded to the objection. Dkt. No. 43. The facts are not in dispute; the issue before the Court is one of law; and the parties stipulated to have the Court decide the matter based on their briefs. Dkt. No. 58. The Court has considered the record, including the briefs, as well as the applicable law. This Memorandum resolves the issue raised in Debtor's objection. Fed. R. Bankr. P. 7052; 9014.

*Facts*

Debtor filed the chapter 11 petition commencing this case on January 1, 2015. Dkt. No. 1. Creditor filed a proof of claim on February 23, 2015, for $29,192.90. Proof of Claim at 1, Dkt. No. 59. Of this amount, $21,465.37 is for cost of the goods sold by Creditor to Debtor on credit; the remaining $7,727.53 represents interest accrued between January 2013, when Debtor's obligation became due, and the petition date. *Id.* at 3-5. However, Creditor noted in its response to Debtor's objection to its claim that, due to a clerical error, the amount of interest in the proof of claim is inaccurate; the correct amount of interest accrued is $5,151.69, which

MEMORANDUM OF DECISION – 2

would mean the correct total amount of the claim is $26,617.06. Creditor's Resp. at 2, Dkt. No. 43. Debtor has acknowledged that, should the interest be allowed, Creditor's calculation of this amount is correct.

The invoices evidencing Creditor's claim do not include any provision for interest to accrue on Debtor's obligation. Creditor has not obtained a judgment against Debtor for the debt. Since there is no contract or judgment, Creditor relies on Idaho Code § 28-22-104(1) as the basis for its interest claim. Debtor disputes Creditor's right to recover interest under this statute. Debtor's Mem. at 2-3, Dkt. No. 57.

*Analysis and Disposition*

**I.**

**A.**

For bankruptcy purposes, a "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured . . ." § 101(5)(A); Rules 3001(a), 3002(a). To participate in distributions, a creditor must timely file a proof of claim. "A

MEMORANDUM OF DECISION – 3

claim . . . is deemed allowed, unless a party in interest . . . objects . . . ." § 501(a). A properly executed and filed proof of claim "shall constitute prima facie evidence of the validity and amount of the claim." Rule 3001(e). If there is an objection made to the allowance of a claim, "the court shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition and shall allow such a claim in such amount, except to extent that . . . such claim is unenforceable against the debtor . . . under any agreement or applicable law. . . ." § 502(b); *In re Parrott Broad. Ltd. P'ship*, 492 B.R. 35, 38 (Bankr. D. Idaho 2013). While Debtor, as the objector, initially bears the burden to overcome the prima facie validity of Creditor's claim, once it does so, the burden ultimately rests on Creditor to demonstrate that the claim should be allowed. *Parrott*, 492 B.R. at 38 (citing *In re Schweizer*, 354 B.R. 272, 279-80 (Bankr. D. Idaho 2006) (quoting *In re Pugh*, 157 B.R. 898, 901 (9th Cir. BAP 1993))).

### B.

"The basic federal rule in bankruptcy is that state law governs the

MEMORANDUM OF DECISION – 4

substance of claims . . . ." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 450 (2007). And, bankruptcy courts "generally presume that claims enforceable under applicable state law will be allowed in bankruptcy unless they are expressly disallowed." *Id.* at 452.

Creditor contends it is entitled to recover the interest claimed pursuant to Idaho Code § 28-22-104(1). The statute provides, in relevant part, that "[w]hen there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of twelve cents (12¢) on the hundred by the year on: . . . 2. Money after the same becomes due." I.C. § 28-22-104(1). It is well established in Idaho law that pre-judgment interest is not available until either a party's damages are liquidated, or the debt is ascertainable by a mere mathematical process. *See Bouten Const. Co. v. H.F. Magnuson Co.*, 992 P.2d 751, 757 (Idaho 1999) (citing *Doolittle By & Through Doolittle v. Meridian Joint Sch. Dist. No. 2*, 919 P.2d 334, 343 (Idaho 1996); *Pocatello Auto Color, Inc. v. Akzo Coatings, Inc.*, 896 P.2d 949, 954, (Idaho 1995); *Ervin Constr. Co. v. Van Orden*, 874 P.2d 506, 515 (Idaho 1993);

MEMORANDUM OF DECISION – 5

*Barber v. Honorof,* 780 P.2d 89, 92 (Idaho 1989)). Whether a court should award prejudgment interest is a question of law. *Greenough v. Farm Bureau Mut. Ins. Co. of Idaho*, 130 P.3d 1127, 1130 (Idaho 2006) (quoting *Dillon v. Montgomery*, 67 P.3d 93, 96 (Idaho 2003)).

## II.

### A.

The question presented here is, at the time of the filing of Debtor's petition, did Creditor have a right to payment of the interest under applicable law? Debtor does not argue that Creditor's debt fails to satisfy the requirements of Idaho Code §28-22-104(1). Instead, Debtor argues that, in order for Creditor to recover interest as provided in this statute, Creditor was required to first obtain a judgment awarding such interest prior to Debtor's bankruptcy filing. Debtor's Mem. at 2-3, Dkt. No. 57. Creditor disputes that a judgment is a prerequisite.

The Court agrees with Creditor that, under the Idaho statute, it was not required to obtain a judgment against Debtor to recover interest.

MEMORANDUM OF DECISION – 6

**B.**

Debtor primarily relies on the Idaho Supreme Court's decision in *Roesch v. Klemann*, 307 P.3d 192 (Idaho 2013). Debtor's Mem. at 2-3, Dkt. No. 57. This reliance is misplaced. While the Idaho Supreme Court in *Roesch* does distinguish between subsection (1) and (2) of § 28-22-104 to clarify what interest rates may be applied pre- and post-judgment, the distinction does little to support Debtor's contention that a judgment is required to claim interest on a debt under subsection (1). *Roesch*, 307 P.3d at 195.

Debtor urges that *Bouten Const.*, and the cases cited therein, establish the need for a judgment to establish Creditor's recover interest because the parties in those cases asked the court to award the interest as part of their judgments. Debtor's Mem. at 2, Dkt. No 47. However, those cases all involved courts determining, as a matter of state law, whether the parties seeking interest had, or had not, comported with the statute in order to determine whether they were entitled to the interest. *See, e.g., Doolittle*,

MEMORANDUM OF DECISION – 7

919 P.2d at 343 (discussing the requirements of the statute and summarily concluding that the trial court correctly determined that the claimant was entitled to prejudgment interest); *Pocatello Auto Color, Inc.*, 896 P.2d at 954 (concluding that prejudgment interest should be awarded when the requirements of the statute are met, and affirming the lower court's calculation of the amount of that interest). These courts did not conclude that a claimant is not entitled to accrue the interest provided in § 28-22-104(1) until a court awards it.

As far as this Court can determine, Idaho state courts have declined to award prejudgment interest under § 28-22-104(1) only when the requirements of the statute were not met, or when the court have found that the underlying debt was not liquidated or ascertainable by mere mathematical process. *See, e.g., Greenough*, 130 P.3d at 113 (concluding that prejudgment interest should have been calculated as accruing from a later date because it was not yet "due" at the time party claimed); *Taylor v. Maile*, 201 P.3d 1282, 1289 (Idaho 2009) (affirming district court's denial of

MEMORANDUM OF DECISION – 8

prejudgment interest because it did not fall into one of the categories listed in the statute); *Bouten*, 992 P.2d at 757-58 (finding the district court erred in awarding prejudgment interest on unliquidated claims); *Barber*, 780 P.2d at 92 (affirming district court's denial of prejudgment interest because the amount of money claimed was not determinable with mathematical certainty). This absence of case law supporting Debtor's argument suggests that a party has a right to collect interest as long as the requirements set forth in § 28-22-104(1), and the case law interpreting that statute, are met. Since Debtor does not dispute that there was no contract between the parties specifying otherwise, and Creditor's claim was clearly liquidated, the Court concludes that Creditor, at the time of the filing of Debtor's petition, could recover the interest.[2]

*Conclusion*

Idaho law did not require Creditor to obtain a judgment against

---

[2] While Debtor does not argue otherwise, there is also no requirement that Creditor obtain a judgment as a condition to recovery of prepetition interest in the Bankruptcy Code. As noted above, a bankruptcy claim includes "a right to payment . . whether or not such right is reduced to judgment." § 101(5)(A).

MEMORANDUM OF DECISION – 9

Debtor in order to include the interest in its bankruptcy claim.

Accordingly, Debtor's objection to Creditor's proof of claim will be denied, and Creditor's claim, as recalculated in its response to Debtor's objection, will be allowed in the total amount of $26,617.06.

A separate order will be entered.

Dated: November 20, 2015

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION – 10